# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>RICARDO RIOS-ANGULO,<br><br>    Defendant. | Case No. 17-cr-00237 BLF (NC)<br><br>**DETENTION ORDER**<br><br>Hearing: May 4, 2017 |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the Government moved for detention of the defendant RICARDO RIOS-ANGULO, and the Court on May 4, 2017, held a detention hearing to determine whether any condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. This order sets forth the Court's findings of fact and conclusions of law as required by 18 U.S.C. § 3142(i). The Court finds that detention is warranted.

The defendant was present at the detention hearing, represented by his attorney Michael Hinckley. The Government was represented by Assistant U.S. Attorney Scott Simeon.

The defendant is charged by indictment in this District with six felony drug

Case No. 17-cr-00237 BLF (NC)

conspiracy and distribution counts. ECF 8. The charges in counts one and two (conspiracy, and possession with intent to distribute 500 grams or more of methamphetamine) each carry a mandatory 10 year minimum sentence, if convicted. The defendant is presumed innocent of the charges. *See* 18 U.S.C. § 3142(j).

The detention hearing was held publicly. Both parties were allowed an opportunity to call witnesses and to present evidence. Both parties presented their arguments by way of proffer through counsel. Both parties may appeal this detention order to the assigned trial judge, U.S. District Court Judge Beth Labson Freeman.

I. PRESUMPTIONS

The charged offenses create a rebuttable presumption of detention under 18 U.S.C. § 3142(e)(3)(A).

II. REBUTTAL OF PRESUMPTIONS

As reasoned below, the Court finds that the defendant has not rebutted the presumption of detention.

III. WRITTEN FINDINGS OF FACT AND STATEMENT OF REASONS

The Court has taken into account the factors set out in 18 U.S.C. § 3142(g) and all of the information submitted at the hearing and finds as follows. The Court adopts the facts set forth in the Pretrial Services Reports prepared May 3, supplemented by information presented at the hearing. The Court finds that the Government has established by more than a preponderance of the evidence that the defendant poses a risk of nonappearance that cannot be reasonably mitigated by any combination of conditions. At the hearing, the government presented false identification documents under another name (Ricardo Lopez Perez) possessed by defendant. The defendant, who is not a U.S. citizen, has extensive ties and past travel to Mexico and was sentenced in 2005 for felony illegal reentry. He did not report stable, gainful employment. Pretrial reported concerns with discrepancies in the defendant's reported residential history. As to danger to the community, the Court finds that Rios-Angulo poses a general risk, but that a combination of conditions could be imposed to mitigate the risk.

| | |
|---|---|
| 1 | IV.    DIRECTIONS REGARDING DETENTION |
| 2 | The defendant is committed to the custody of the Attorney General or her designated |
| 3 | representative for confinement in a corrections facility separate, to the extent practicable, |
| 4 | from persons awaiting or serving sentences or being held in custody pending appeal. The |
| 5 | defendant must be afforded a reasonable opportunity for private consultation with defense |
| 6 | counsel. On order of a court of the United States or on the request of an attorney for the |
| 7 | Government, the person in charge of the corrections facility must deliver the defendant to a |
| 8 | United States Marshal for the purpose of an appearance in connection with a court |
| 9 | proceeding. |

IT IS SO ORDERED.

Date: May 4, 2017

_____
Nathanael M. Cousins
United States Magistrate Judge